(128 So. 114)

### E. S. FORMBY v. Rutherford LAPSLEY.

### 7 Div. 677.

Court of Appeals of Alabama.
April 22, 1930.

Merrill, Jones & Whiteside, of Anniston, for appellant.

L. C. Longshore, of Anniston, for appellee.

RICE, J.

Appellee was the commissioner, appointed by the probate court, under the terms of Code 1923, § 9326, to sell certain lands, an interest

510

in which was owned by one Almon Wilson. Appellant owned a claim, stated to be in the form of a judgment recovered before a justice of the peace, against the said Wilson. Appellant talked with appellee, who was a practicing attorney, while he was such commissioner, and when appellant knew such fact about appellee's collecting for appellant, or retaining for appellant, out of the proceeds of the sale of the lands, the amount of appellant's claim, which was small, less than $40. It appears that appellee agreed to undertake to do this, directing appellant to procure an "order" from the said Wilson, on him, for the money. But it appears that the probate court directed appellee to pay into it the entire proceeds of the said sale, and that as soon as this was done, appellee notified appellant. Code 1923, § 9327, provides that such net proceeds (meaning such "proceeds" as that of the sale here in question) "must be distributed by the judge of probate," and appellant was held to a knowledge of the provisions of this Code section, as much so as was appellee.

Appellant, who was without an attorney through the whole transaction, not counting his abortive attempt to make appellee, as the commissioner aforesaid, his attorney, without pay, other than a nonenforceable promise, has now, it appears from the rather voluminous record before us, procured legal assistance in the matter of prosecuting this suit for "damages" against appellee.

If appellant had a "lien," which we do not assert, appellee did not destroy it, nor could he have destroyed it. The trial judge gave the general affirmative charge in appellee's favor. And we think correctly so.

Waiving the numerous technical questions, raised and argued, on the whole evidence it appears, without conflict, that appellee was guilty of no act giving support to appellant's rather lurid claim.

The judgment is affirmed.

Affirmed.